Filed 10/26/20  P. v. C.M. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>C.M.,<br><br>    Defendant and Appellant. | 2d Crim. No. B300993<br>(Super. Ct. No. 18JV-00241,<br>00241A, 00241B)<br>(San Luis Obispo County) |

C.M. appeals probation condition orders of the juvenile court following the sustaining of Welfare and Institutions Code section 602 ("section 602") petitions finding that he committed second degree burglary, vandalism, resisting a peace officer, and being under the influence of a controlled substance.  The court imposed a condition that he submit to a search of any electronic device and provide the probation officer or police any passcodes. We conclude, among other things, that a search condition for electronic devices is authorized given the facts of this case, but the condition is too broad and must be narrowed.  The court did not err by ordering the minor's parents to pay a juvenile

restitution fine.  We strike the electronic search condition and remand to the juvenile court to limit and modify the scope of that search condition.  In all other respects, we affirm.

FACTS

In July 2018, C.M. and his brother went to a residence they knew was vacant.  They entered the house after C.M.'s brother broke a window.  They "stole items which included laptops, a flat panel TV, four video cameras, an iPhone, a tablet, a violin and clothing."  C.M. and his brother were arrested.

On July 16, 2018, the People filed a juvenile wardship petition under section 602.  They alleged, among other things, that C.M. committed second degree burglary (Pen. Code,[1] § 459), a felony; and that on July 13 he committed vandalism (§ 594, subd. (b)(2)(A)), causing damage less than $400.  On March 10, 2018, C.M. unlawfully resisted or obstructed a police officer. (§ 148, subd. (a)(1).)

On April 11, 2019, the People filed another section 602 petition alleging C.M. committed the crime of using and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)); on November 9, 2018, he committed the crime of shoplifting (§ 459.5, subd. (a)); on November 21, 2018, he received stolen property (§ 496, subd. (a)) and was in possession of alcohol as a minor (Bus. & Prof. Code, § 25662, subd. (a)).

On August 13, 2019, the People filed another section 602 petition alleging C.M. unlawfully resisted and obstructed police officers who were discharging their duties.

C.M. admitted the allegations that he committed second degree burglary, vandalism, resisting a peace officer, and being

---

[1] All statutory references are to the Penal Code unless otherwise stated.

under the influence of a controlled substance. The court declared him to be a ward of the juvenile court "with the supervision of the Probation Officer." It removed him from the physical custody of his parents. It ordered him to serve one year one month and five days at juvenile hall. The court ordered that he be placed with the Coastal Valley Academy to start on September 11, 2019, and that "[o]ut-of-home foster care shall take place on 9-4-2020 or shall commence immediately." The court said, "Youth is notified that a violation of any of the terms and conditions of probation can result in a modification or change in terms and conditions . . . ."

The juvenile court also imposed the following condition: "[C.M.] [s]hall submit any electronic device, used to store or transmit digital information, that [he] own[s], possess[es] or control[s], to a search of any source of electronic data identified below, at any time, with or without probable cause, by the Probation Officer or any peace officer, and provide the Probation Officer or peace officer with any passwords necessary to access the date source specified": "Text messages," "Call Logs," "Email accounts," "Internet browsing history," "Photographs," "Social Media accounts."

## DISCUSSION

### *Validity of the Electronic Search Condition*

C.M. contends the electronic search condition should be stricken or modified.

"Warrantless searches are justified in the probation context because they aid in deterring further offenses by the probationer and in monitoring compliance with the terms of probation." (*People v. Robles* (2000) 23 Cal.4th 789, 795.) "[P]robation search conditions serve to promote rehabilitation . . . ." (*Ibid.*)

3

But " '[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 384.)

Searches of cell phones "implicate privacy concerns far beyond those implicated by the search" of other items. (*Riley v. California* (2014) 573 U.S. 373, 393 [189 L.Ed.2d 430, 446].) The cell phone may contain a "digital record of nearly every aspect" of the owner's life "from the mundane to the intimate." (*Id.* at p. 395.) Consequently, "the Supreme Court has recently granted heightened protection to cell phone data." (*United States v. Wanjiku* (7th Cir. 2019) 919 F.3d 472, 484.) Courts have therefore drawn sharp distinctions between traditional probation conditions that allow warrantless searches of the probationer's property and searches that involve cell phones and stored electronic data. (*In re I.V.* (2017) 11 Cal.App.5th 249, 262.)

Probation conditions authorizing warrantless searches of cell phones must be supported by an adequate factual showing in the record. (*In re Alonzo M.* (2019) 40 Cal.App.5th 156, 166.)

In *In re Ricardo P.* (2019) 7 Cal.5th 1113, our Supreme Court held an electronic device probation search condition for a juvenile was invalid. It ruled such a condition authorizing warrantless searches of passwords and cell devices invaded a significant privacy interest and there was no evidence in that case to support such an intrusion. The court looked to the juvenile's prior history to determine the basis for the justification for the condition. It concluded, "[N]othing in the record suggests that Ricardo has ever used an electronic device or social media in connection with criminal conduct." (*Id.* at p. 1122.) In

4

determining whether the condition is valid, courts, among other things, look to whether the condition has a relationship to the defendant's crime and whether it is reasonably related to preventing future criminality. (*Id.* at p. 1119.) An electronic search condition is not precluded simply because a defendant did not use a cell phone in committing a crime. "In certain cases, the probationer's offense or personal history may provide the juvenile court with a sufficient factual basis from which it can determine that an electronics search condition is a proportional means of deterring the probationer from future criminality." (*Id.* at p. 1129.)

A "juvenile probationer minor retains a constitutionally protected expectation of privacy." (*In re Q.R.* (2020) 44 Cal.App.5th 696, 703.) But "that expectation is greatly diminished as long as he remains a ward of the court." (*Ibid.*)

Here there was a relationship between the condition that requires searches of C.M.'s cell phones and his offenses. One of his offenses involved breaking into a home and then stealing, among other things, electronic devices, including laptops, an iPhone, and a tablet. The condition allows probation officers to determine whether C.M. unlawfully possesses such electronic devices. The juvenile court also said that, "given his history," an electronic device search condition was necessary. The record supports that finding.

The record reflects that growing up in his home, C.M. "suffered neglect," abuse, and severe emotional damage. He was currently on "anti-anxiety and anti-depressant" medications. He was receiving therapy. The People noted that he had a history of running away from placements. In response to one proposed placement option, C.M. told the court "I would just want to run

5

again." His history of engaging in criminal behavior was extensive. The juvenile court found that he "has been tried on probation while in custody and has failed to reform." From these facts the court could reasonably infer that C.M.'s behavior was largely unpredictable and out of control. Consequently, a more extensive search condition was needed to monitor his behavior than in most cases. The court could reasonably infer that an electronic search condition was a "proportional means of deterring the probationer from future criminality." (*In re Ricardo P.*, *supra*, 7 Cal.5th at p. 1129.)

Reviewing text messages, call logs, and e-mails would help a probation officer determine whether C.M. was 1) contacting drug dealers, 2) communicating with his brother with whom he previously committed a burglary, 3) continuing efforts to run away, 4) buying alcohol, 5) trying to obtain stolen property, or 6) evading probation conditions. Reviewing his Internet browsing history would reveal whether he visited websites known for drug or alcohol distribution or other activities that would be counterproductive for his rehabilitation. "[A]ccess to minor's electronic devices is critical to monitor his progress on probation and to ensure that he is not continuing to engage in the sort of criminal conduct that led to him being declared a ward of the court." (*In re Q.R.*, *supra*, 44 Cal.App.5th at p. 704.)

*An Overbroad Condition?*

Reviewing stored electronic data, however, could also reveal other material that would not be relevant for law enforcement and that could have a chilling effect on a probationer's privacy rights.

C.M. contends the search condition is overly broad. The juvenile court approved searches of C.M.'s text messages, call

6

logs, e-mail accounts, photographs, social media accounts, and his *Internet browsing history*. But this condition is too broad because it is unrestricted and open-ended. It is not " 'tailored to specifically meet the needs of the juvenile.' " (*In re Malik J.* (2015) 240 Cal.App.4th 896, 901; see also *In re J.B.* (2015) 242 Cal.App.4th 749, 758 ["an open-ended search condition permitting review of all information contained or accessible on the minor's smart phone" was invalid].) The Internet browsing history and browsing history of social media accounts would allow probation officers or police to find out C.M.'s choice of music, entertainment, movies, art, literature, political preferences, Google searches, dating history, legitimate personal correspondence, etc. But that information would not be relevant and should not be searched. (*J.B.*, at pp. 758-759; *In re P.O.* (2016) 246 Cal.App.4th 288, 298 [search conditions that allow unrestricted searches of electronic data that may have " 'nothing to do with illegal activity,' " such as " 'medical records, financial records, personal diaries, and intimate correspondence,' " are overbroad]; see also *People v. Appleton* (2016) 245 Cal.App.4th 717, 719.)

In certain cases, there may be a need to review all the Internet browsing history for a juvenile. But it must be supported by appropriate fact findings supporting the necessity or justification for such broad and unrestricted searches. Here the juvenile court made no findings supporting an open-ended search and the condition provides no restrictions on the searches by probation or police officers. Consequently, this search condition must be narrowed for a more limited electronics search condition on remand. The court must specify the specific limitations on the scope of the electronic searches and outline the

7

specific areas that the probation officer and police officers may not search.

*The Restitution Fine and Collection Fee*

In the trial court, C.M., citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, objected to the imposition of a restitution fine. The court, nevertheless, ordered a "$100.00 restitution fine with a collection fee of 10%, pursuant to [Welfare and Institutions Code] Section 730.6(q)." It said the parents are "jointly and severally 100% liable for the youth's restitution orders, fines, and penalty assessments, up to the limits" required by law.

C.M. challenges the restitution fine and collection fee and notes that their validity may be subject to a future decision by the California Supreme Court.

The People claim *People v. Dueñas*, *supra*, 30 Cal.App.5th 1157 does not apply to juvenile restitution fines. We agree. Unlike cases in the adult criminal context where the fine is paid by the defendant, here the restitution fine is essentially the responsibility of the minor's parents. In his trial court objection to the fine, C.M. claimed there was no evidence showing his ability to pay. But he made no claim with respect to his parents' ability to pay the fine.

In *In re M.B.* (2020) 44 Cal.App.5th 281, 283, we held *Dueñas* "does not apply to a mandatory minimum juvenile restitution fine." C.M. has not shown how the juvenile court erred regarding its orders involving the restitution fine and collection fee.

DISPOSITION

The electronic probation search condition is stricken and the case is remanded to the juvenile court with instructions to fashion a new, narrower, and limited search condition in a

8

manner "consistent with this opinion." (*People v. Appleton, supra*, 245 Cal.App.4th at p. 729.)  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

TANGEMAN, J., Concurring:

I concur in striking the probation condition and remanding with instructions to narrow the electronic search condition, but I disagree with the implication that it would be appropriate to allow unlimited access to text messages, call logs, and emails. In my opinion, the justification for such searches proffered by the majority run afoul of the principles articulated in *In re Ricardo P.* (2019) 7 Cal.5th 1113 and the cases cited therein, including *In re Erica R.* (2015) 240 Cal.App.4th 907 and *In re J.B.* (2015) 242 Cal.App.4th 749. "The fact that a search condition would facilitate general oversight of the individual's activities is insufficient to justify an open-ended search condition . . . [of a] smart phone or other electronic devices." (*Id*. at p. 758.)

NOT TO BE PUBLISHED.


TANGEMAN, J.

Charles S. Crandall, Judge

Superior Court County of San Luis Obispo

_____

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.